IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMBER VICTORIA STANDINGROCK,<br><br>Defendant. | CR 19-23-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Amber Victoria Standingrock (Standingrock) has been accused of violating the conditions of her supervised release. Standingrock admitted the alleged violation. Standingrock's supervised release should be revoked. Standingrock should be placed in custody for 7 months, with 29 months of supervised release to follow. The sentence in this case should run concurrent with the sentence imposed in Cause CR 21-42-GF-BMM-JTJ.

## II. Status

Standingrock pleaded guilty to Conspiracy to Commit Money Laundering on August 20, 2019. (Doc. 33). The Court sentenced Standingrock to a custodial sentence of time served, followed by 3 years of supervised release. (Doc. 44).

Standingrock's term of supervised release began on November 3, 2021. (Doc. 79 at 2).

**Petition**

The United States Probation Office filed a Petition on March 17, 2022, requesting that the Court revoke Standingrock's supervised release. (Doc. 79). The Petition alleged that Standingrock violated the conditions of her supervised release by failing to complete her 180-day term at the Great Falls Pre-Release Center.

**Initial appearance**

Standingrock appeared before the undersigned for her initial appearance on March 29, 2022. Standingrock was represented by counsel. Standingrock stated that she had read the petition and that she understood the allegations. Standingrock waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 29, 2022. Standingrock admitted that she had violated the conditions of her supervised release by failing to complete her 180-day term at the Great Falls Pre-Release Center. The violation is serious and warrants revocation of Standingrock's

supervised release.

Standingrock's violation is a Grade C violation. Standingrock's criminal history category is I. Standingrock's underlying offense is a Class C felony. Standingrock could be incarcerated for up to 24 months. Standingrock could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Standingrock's supervised release should be revoked. Standingrock should be incarcerated for 7 months, with 29 months of supervised release to follow. This sentence is sufficient but not greater than necessary. The sentence in this case should run concurrent with the sentence imposed in Cause CR 21-42-GF-BMM-JTJ.

### IV. Conclusion

The Court informed Standingrock that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Standingrock of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Standingrock that Judge Morris would consider a timely objection before making

a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Standingrock stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> Amber Victoria Standingrock violated the conditions of her supervised release by failing to complete her 180-day term at the Great Falls Pre-Release Center.

The Court **RECOMMENDS:**

> The District Court should revoke Standingrock's supervised release and commit Standingrock to the custody of the United States Bureau of Prisons for 7 months, with 29 months of supervised release to follow. The sentence in this case should run concurrent with the sentence imposed in Cause CR 21-42-GF-BMM-JTJ.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file

written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of March, 2022.

John Johnston
United States Magistrate Judge